IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 5:11CV070-RLV-DSC

| | |
|---|---|
| JONI CALDWELL, )<br>      Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL J. ASTRUE, )<br>**Commissioner of Social** )<br>**Security Administration,** )<br>      Defendant. )<br>                               ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #12) and "Memorandum in Support ..." (document #13), both filed November 17, 2011; and Defendant's "Motion for Summary Judgment" (document #19) and "Memorandum in Support... " (document #20) filed March 2, 2012. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

**I. PROCEDURAL HISTORY**

Plaintiff filed her application for Social Security disability insurance benefits ("DIB") on March 12, 2007, alleging that she became disabled on July 1, 2006. Plaintiff's application was

---

[1] Pursuant to the Pretrial Scheduling Order, this matter is ripe upon the filing of Defendant's Motion and Memorandum. <u>See</u> Local Civil Rule 7.1 (E) which clarifies that the briefing schedule provided under Rule 7.1 does not apply in Social Security appeals.

denied initially and on reconsideration. A hearing was held on June 23, 2009.

On October 21, 2009, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff benefits. (Tr.12-26). In his decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. The ALJ also found that Plaintiff suffered "dysthymic depression, sleep apnea, neck and cervical spine pain secondary to cervical fusion, and obesity" (Tr. 17), which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform the full range of sedentary work,[3] and was capable of "understanding, remembering, and carrying out at least simple work instructions." (Tr. 20.) The ALJ then concluded that Plaintiff could not perform any of her past relevant work. Applying Medical-Vocational Rule 201.27 to Plaintiff's RFC, age (thirty years old at time of the hearing), education (high school graduate) and unskilled work experience, the ALJ determined that Plaintiff was not disabled during the relevant period (Tr. 25).

By notice dated March 7, 2011, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on May 11, 2011, and assigns error to the ALJ's evaluation of the opinion of one of her treating physicians, Dr. Lewis Tondo See Plaintiff's "Memorandum in

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]"Sedentary" work is defined in 20 C.F.R. § 404.1567(a) as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

Support ..." at 3-9 (document #13). The parties' cross dispositive Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at

3

1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. This is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether the Plaintiff became "disabled"at any time, as that term of art is defined for Social Security purposes.[4] Plaintiff's only assignment of error concerns the ALJ's evaluation of Dr. Tondo's opinion. The Fourth Circuit has held that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of the alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178, citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996). "An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies' or has not given good reason for the weight afforded a particular opinion." Christian v. Apfel, No. 98-1673,

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

168 F.3d 481, 1998 WL 911720, at *2 (4th Cir. Dec. 31, 1998) (per curiam, unpublished) (quoting Scivally v. Sullivan, 966 F.2d 1070, 1076-77 (7th Cir. 1992)) (internal citation omitted).

On August 4, 2008, Dr. Tondo concluded that Plaintiff suffered from moderate pain,[5] which was disabling to the extent that it prevented her from working full-time at even a sedentary position. (Tr. 397). The doctor also determined that Plaintiff had "deficiencies of attention and concentration due to pain and/or side effects of medication that would result in a failure to complete tasks in a timely manner," and cause her to miss an average of more than two days of work per month due to her impairments. (Tr. 397-98).

The ALJ noted Dr. Tondo's medical opinion and his August 2007 assessment in the hearing decision. The ALJ found that in accordance with SSR 96-2p, he could not accept the doctor's opinion that Plaintiff was unable to work. (Tr. 23). The ALJ determined that Dr. Tondo's opinions were not well supported by medically acceptable clinical and laboratory diagnostic techniques, nor were they consistent with other substantial medical and nonmedical evidence in the record. He concluded that the opinions were not entitled to controlling weight. (Tr. 23). The ALJ also concluded that the doctor's opinions were inconsistent and entitled to minimal evidentiary weight. (Tr. 23-24).

In support of her appeal, Plaintiff argues that Dr. Tondo has been her primary care physician for many years, including the seven years prior to her disability claim. The doctor's treating relationship with Plaintiff does not overcome the fact that his opinions were not supported by the evidence in the record. Plaintiff then cites to medical notes from August 11, 2000, March 2003, April 2003, and July 2003, as support for her claim (Pl. Br. at 7). None of that evidence pertains to

---

[5] The assessment form defined "moderate" as constituting a significant handicap with sustained attention and concentration that would eliminate skilled work tasks. (Tr. 397).

the relevant period, since Plaintiff alleges that her disability began on July 1, 2006. (Tr. 104). Dr. Tondo diagnosed Plaintiff with chronic low back pain. The mere diagnosis of a condition is not sufficient evidence to prove a severe impairment, nor to corroborate a doctor's opinion that an individual is disabled. See Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (holding that "[t]he mere diagnosis of [an impairment], of course, says nothing about the severity of the condition."). The September 2006 MRI results establish that Plaintiff had a "very minimal" disc bulge at L4-5 (Tr. 214), and the November 2006 study fails to even demonstrate that the disc bulge at C6-7 was impacting her left C7 nerve root. (Tr. 211). Moreover, Plaintiff's May 2009 cervical MRI reveals that she had no neural impingement or central canal spinal stenosis. (Tr. 410).

Plaintiff's medical reports from the Pain Relief Center, dated September 2006 to May 2009, indicate that she experienced diffuse paracervical and/or paralumbar myofascial discomfort with pain on flexion and extension. However, her muscle strength was rated as five out of five, her straight leg raising was generally negative, her hand grasps were strong, and her motor coordination and gait were within normal limits. (Tr. 349-374, 383-395, 399-405, 413-414).

On February 26, 2007, Dr. Wodecki found that Plaintiff was in no acute distress, had full range of motion in her neck without difficulty, her Spurling's, Patrick's and straight leg raising tests were negative bilaterally, her upper and lower extremities were neurovascularly intact with muscle strength rated as five out of five, and she had no pain with internal or external rotation of her hips bilaterally. (Tr. 250). The doctor made essentially the same findings two months later. (Tr. 251).

On March 5, 2007, Dr. Gooch observed that Plaintiff was in no acute distress, her ambulation was normal, there was no instability or deformity in her cervical spine, thoracic spine, lumbar spine, shoulders, elbows, wrists, hips, knees, or ankles, and palpation of her cervical, lumbar,

6

and thoracic spine did not elicit any tenderness. There was no evidence of paraspinal muscle spasms. (Tr. 264). The doctor added that Plaintiff was able to fully flex, extend, rotate, and laterally bend her cervical spine through normal range of motion without tenderness or crepitus. Her Spurling's, femoral stretch, and straight leg raising tests were negative bilaterally, her motor strength was rated as five out of five in her upper and lower extremities, she could walk on her heels and toes without difficulty, her sensation was intact in her extremities, and she could extend, rotate, and lateral bend her lumbar spine without tenderness or crepitus, as well as forward flex to within ten inches of the floor. (Tr. 265).

The ALJ evaluated Dr. Tondo's opinions in accordance with SSR 96-2p, and properly concluded that they were not entitled to controlling weight. They were not well supported by medically acceptable clinical and laboratory diagnostic techniques, and were inconsistent with other substantial evidence in the record. (Tr. 23). The ALJ further determined that the doctor's opinions were inconsistent and entitled to minimal weight. (Tr. 24); 20 C.F.R. §§ 404.1527(d)(3), (d)(4). The ALJ also provided the rationale for why Dr. Tondo's opinions were entitled to only minimal evidentiary weight. (Tr. 23-24).

Although the medical records establish that the Plaintiff experienced symptoms and mental and emotional difficulties to some extent or degree, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976). Moreover, the facts found by the ALJ clearly support the ultimate conclusion that Plaintiff suffered from her combination of impairments, but was not disabled.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's

designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994)(citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the medical evidence, Plaintiff's RFC and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #12) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #19) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED**.

Signed: March 2, 2012

David S. Cayer
United States Magistrate Judge